1  Steve W. Berman (*pro hac vice*)
     *steve@hbsslaw.com*
2  Thomas E. Loeser (SBN 202724)
     *toml@hbsslaw.com*
3  Jessica Thompson (*pro hac vice*)
     *jessicat@hbsslaw.com*
4  HAGENS BERMAN SOBOL SHAPIRO LLP
   1918 Eighth Avenue, Suite 3300
5  Seattle, WA 98101
   Telephone: (206) 623-7292
6  Facsimile: (206) 623-0594

7  *Interim Lead Counsel for Plaintiffs*
   *and the Proposed Class*

8  [Additional Counsel on Signature Page]

9

10                UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12                     WESTERN DIVISION

13

| | |
|---|---|
| BARRY BRAVERMAN, HAKOP DEMIRCHYAN, JOEL GREEN, CHEVAY JONES, DR. GLYNDA ROBERSON, EDO TSOAR, PETER WEINSTEIN, THOMAS MUNK, PETER BERNARD, LAWRENCE CURCIO, NAVEEN PARMESHWAR, ADEEL SIDDIQUI, CHARLES OLSEN, ROBERT DESATNIK, ERIC WONDERLY, JOHN LINGSWEILER, STEVE RIDGES, and BRANDON REDMOND, | No. 8:16-cv-00966-BRO-SS<br><br>Hon. Beverly Reid O'Connell<br><br>**PLAINTIFFS' OPPOSITION TO BMW OF NORTH AMERICA, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT DUE TO FAILURE TO STATE A CLAIM (FED. R. CIV. P. 12(B)(6))**<br><br>Date:   May 1, 2017<br>Time:  1:30 p.m.<br>Place:  Courtroom 7C |
|                       Plaintiffs,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, and BMW AG, a corporation organized under the laws of Germany,<br><br>                  Defendants. | |

1

2

**TABLE OF CONTENTS**

<u>Page</u>

3   I.      INTRODUCTION ....................................................................................... 1

4   II.     ARGUMENT .............................................................................................. 1

5           A.      Plaintiffs' Express Warranty Claims Are Covered by BMW's
6                   Warranty for "Materials and Workmanship"................................. 1

7           B.      Plaintiffs' Unjust Enrichment Claims Are Properly Pled........................ 4

8                   1.      Plaintiffs may plead in the alternative to legal remedies.............. 4

9                   2.      Plaintiffs may plead in the alternative to a breach of express
                            warranty, especially where the pleading is accompanied by
10                          allegations of fraud. ................................................................... 5

11  III.    CONCLUSION ........................................................................................... 7

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO BMW OF NORTH AMERICA, LLC'S MOTION TO DISMISS

010616-11  950192 V1

1

# TABLE OF AUTHORITIES

2

<u>Page(s)</u>

3

## CASES

4

5
*Alin v. Am. Honda Motor Co.*,
    2010 U.S. Dist. LEXIS 32584 (D.N.J. Mar. 31, 2010) ...............................3

6

7
*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) ........................................................... 4, 7

8

9
*In re Auto. Parts Antitrust Litig.*,
    50 F. Supp. 3d 869 (E.D. Mich. 2014) .........................................5

10

11
*Cheers Sports Bar & Grill v. DirecTV, Inc.*,
    563 F. Supp. 2d 812 (N.D. Ohio 2008) .........................................7

12

13
*Cromeens, Holloman, Siber, Inc. v. AB Volvo*,
    349 F.3d 376 (7th Cir. 2003) ........................................................5

14

15
*Daniel v. Ford Motor Co.*,
    806 F.3d 1217 (9th Cir. 2015) ......................................................1

16
*Donnelly v. Circuit City Stores, Inc.*,
    2007 U.S. Dist. LEXIS 20571 (M.D. Fla. Mar. 22, 2007).........................6

17

18
*King v. Hertz Corp.*,
    2011 U.S. Dist. LEXIS 35610 (N.D. Ohio Mar. 31, 2011).........................6

19

20
*Koulajian v. Trek Bicycle Corp.*,
    1992 U.S. Dist. LEXIS 1490 (S.D.N.Y. Feb. 11, 1992) ...................... 1, 2

21

22
*Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.*,
    2015 U.S. Dist. LEXIS 106292 (N.D. Cal. Aug. 11, 2015)...................... 4, 5

23

24
*Moore v. Climate Corp.*,
    2016 U.S. Dist. LEXIS 116848 (D. Kan. Aug. 30, 2016).................... 5, 6

25

26
*Myers v. MedQuist, Inc.*,
    2006 U.S. Dist. LEXIS 91904 (D.N.J. Dec. 20, 2006) .............................6

27
*Philippine Nat'l Oil Co. v. Garrett Corp.*,
    724 F.2d 803 (9th Cir. 1984) ........................................................3

28

*In re Saturn L-Series Timing Chain Prods. Liab. Litig.*,
    2008 U.S. Dist. LEXIS 109978 (D. Neb. Nov. 7, 2008)............................................2

*Sherwin-Williams Co. v. JB Collision Servs.*,
    2014 U.S. Dist. LEXIS 145950 (S.D. Cal. Oct. 9, 2014)....................................6, 7

*Terry Barr Sales Agency v. All-Lock Co.*,
    96 F.3d 174 (6th Cir.1996) .........................................................................5

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales*
    *Practices, & Prods. Liab. Litig.*,
    754 F. Supp. 2d 1145 (C.D. Cal. 2010).........................................................3

*Tzung v. State Farm Fire & Cas. Co.*,
    873 F.2d 1338 (9th Cir. 1989) ....................................................................2

*Usov v. Lazar*,
    2013 U.S. Dist. LEXIS 89257 (S.D.N.Y. June 18, 2013)...................................5

## STATUTES

28 U.S.C. § 2072(b) ......................................................................................4

Cal. Com. Code § 2719(2) ..............................................................................3

U.C.C. § 2-719 ............................................................................................4

## OTHER AUTHORITIES

Fed. R. Civ. P. 8(a)(3)...................................................................................4

# I.    INTRODUCTION

In its second motion to dismiss, BMW again ignores controlling Ninth Circuit authority and other well-reasoned cases outside the Ninth Circuit permitting Plaintiffs' claims to survive the pleadings stage. Instead, BMW opportunistically cites state law cases applying procedural rules and cases from other circuits not controlling this Court's ruling to argue that Plaintiffs may not maintain certain express warranty and unjust enrichment claims beyond the pleadings stage. Plaintiffs respectfully urge this Court to reject BMW's attempts to lead it astray.

# II.    ARGUMENT

## A.    Plaintiffs' Express Warranty Claims Are Covered by BMW's Warranty for "Materials and Workmanship"

BMW attempts to make a clear distinction between design and manufacturing defects, arguing that its New Vehicle Limited Warranty does not cover the latter. But although there is some non-binding support in the case law for this distinction, it is not as straightforward as BMW would have this Court believe. This distinction is explicitly rejected by courts that recognize that it is essentially meaningless for consumers and unduly advantageous to manufacturers. Indeed, the well-reasoned case law refuses to recognize and apply such a distinction at the pleadings stage. BMW's argument is therefore unavailing.

First, several courts have rejected defendants' efforts to create an artificial distinction between a design defect and a defect in workmanship, including, recently, the Ninth Circuit. *See Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015) (refusing to accept Ford's arguments that a materials and workmanship warranty did not cover design defects, and instead holding that Ford's express warranty "must be construed to guarantee against both manufacturing and design defects"). Similarly, in *Koulajian v. Trek Bicycle Corp.*, 1992 U.S. Dist. LEXIS 1490 (S.D.N.Y. Feb. 11, 1992), the defendant moved for summary judgment on its express warranty claim, arguing that the express warranty applies only to manufacturing defects, not design

defects. *Id*. The court rejected the argument, reasoning that "the warranty's reference to 'workmanship' could refer to . . . designs as well as implementation of those designs in the manufacturing process." *Id*. at *5. Thus, the court held that "[a]bsent binding authority limiting an express 'workmanship' warranty to manufacturing defects alone, we do not find as a matter of law that such warranty language cannot apply to design defects." *Id*. at *6.

Similarly, in *In re Saturn L-Series Timing Chain Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS 109978, at *43 (D. Neb. Nov. 7, 2008), the court found that "a defect related to materials and workmanship" and a "design defect" involving a timing chain system are substantially the same. The court reasoned that a "design is integrated into each step of the manufacturing process and affects both materials and workmanship," such that distinguishing a design defect from a defect in materials or workmanship "would defy logic." *Id.* The Court concluded:

> [I]t would be absurd to interpret a car company's written warranty as *not* covering any defect in "materials and workmanship" if the defect could simultaneously be attributable to a design implemented by the company in the manufacturing of the car.

*Id.* at *45. *See also Tzung v. State Farm Fire & Cas. Co.*, 873 F.2d 1338, 1341 (9th Cir. 1989) ("We believe . . . that an unstrained interpretation of the exclusion for 'faulty workmanship' includes losses caused by defects in the design and construction . . . ."). Therefore, permitting an argument like BMW's is not only illogical, but dangerous: it would simply allow Defendant, and every other product manufacturer, to link any defect to the "design" of the product, thereby rendering unenforceable any express warranty that covers defects in material and workmanship.

Second, whether or not the defective REx feature should be covered under warranty is a question of fact that cannot be decided at the pleading stage. Faced with the same argument made by Honda in another case, other courts have stated that a distinction between defects in design and materials/workmanship cannot be decided on the pleadings:

- 2 -

> At the pleading stage, where the distinction between defect
> in design and defect in materials or workmanship is a matter
> of semantics, and sufficient facts are alleged to assert both,
> the defendant's characterization of the nature of the claim
> pre-discovery should not control whether the complaint
> survives.

*Alin v. Am. Honda Motor Co.*, 2010 U.S. Dist. LEXIS 32584, at *17 (D.N.J. Mar. 31,

2010). *See also In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales

Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1181 (C.D. Cal. 2010) ("[T]he

Court does not agree with Defendants' assessment that Plaintiffs' claims are based

solely on alleged design defects.").

Third, even assuming that the REx defect is a design defect which would not be

covered by the warranty, BMW's limitation of its warranty to defects of material or

workmanship would cause the warranty to fail of its essential purpose. A limited

contractual remedy fails of its essential purpose if it fails to give the aggrieved party

the benefit of their bargain. *Philippine Nat'l Oil Co. v. Garrett Corp.*, 724 F.2d 803,

807 (9th Cir. 1984) ("The California Commercial Code provides that if a limited

warranty 'fails of its essential purpose,' the buyer is entitled to the full range of UCC

remedies.") (quoting Cal. Com. Code § 2719(2)). If a limited remedy fails of its

essential purpose, then the aggrieved party has breach-of-express-warranty remedies

under the UCC. *See, e.g.*, Cal. Com. Code § 2719(2).

Consumers purchasing an automobile from BMW reasonably expect that the

vehicle warranted free of material defects—whether of materials, workmanship, or

design. The purpose of BMW's warranty is to give consumers what they paid for—if a

vehicle fails, BMW will repair it under the warranty. If BMW deems (and establishes)

the defect in the REx failure to be a "design defect" not covered under warranty, then

consumers are left with defective automobiles and no warranty. That is the exact

situation section 2-719(2) was intended to address: "where an apparently fair and

reasonable clause because of circumstances fails in its purpose or operates to deprive

either party of the substantial value of the bargain, it must give way to the general remedy provisions of this Article." U.C.C. § 2-719 Official Comment 1.

**B.     Plaintiffs' Unjust Enrichment Claims Are Properly Pled**

BMW, ignoring controlling Ninth Circuit authority interpreting Rule 8, cites decisions from other circuits and state courts to argue that Plaintiffs may not plead unjust enrichment claims in the alternative. BMW conflates two conceptually separate bases for its argument: (1) that Plaintiffs must allege a lack of legal remedy, and (2) that unjust enrichment claims can never accompany breach of contract claims because the contract defines the terms of the parties' relationship. BMW is mistaken in both instances. All of the cases it cites can be distinguished factually, by the procedural stage in which the decision was rendered or by the authority controlling the dispute—here, the Ninth Circuit's interpretation of Rule 8.

**1.     Plaintiffs may plead in the alternative to legal remedies.**

Although federal courts in diversity cases apply state substantive law, they apply federal procedural law. *See* 28 U.S.C. § 2072(b). Controlling Ninth Circuit precedent interpreting Rule 8 is clear that Plaintiffs may plead unjust enrichment claims in the alternative to legal relief. Even where "the cause of action was nonsensical because it was duplicative of or superfluous to [plaintiff's] other claims, this is not grounds for dismissal." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)[1]; *see also* Fed. R. Civ. P. 8(a)(3) (expressly providing that a plaintiff may demand relief in the alternative or different types of relief). Following *Astiana*, courts in the Ninth Circuit routinely deny motions to dismiss unjust enrichment claims simply because their subject matter overlaps with claims for a legal remedy. *See, e.g.*, *Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.*, 2015 U.S. Dist. LEXIS 106292, at *97-98 (N.D. Cal. Aug. 11, 2015) (denying motion to dismiss unjust enrichment claims under Arizona, Florida, Massachusetts, Minnesota,

---

[1] BMW does not cite or even attempt to distinguish *Astiana*.

PLAINTIFFS' OPPOSITION TO BMW OF NORTH AMERICA, LLC'S MOTION TO DISMISS

010616-11  950192 V1

1    and Tennessee, holding claims were properly pled in the alternative). The *Los Gatos*

2    court explained that even where the state substantive law provides for "an unjust

3    enrichment recovery only when there is no available remedy at law," Fed. R. Civ. P. 8

4    expressly allows plaintiffs to demand relief in the alternative. *Id.*; *see also In re Auto.*

5    *Parts Antitrust Litig.*, 50 F. Supp. 3d 869, 897 (E.D. Mich. 2014) (collecting cases).

6    **2.    Plaintiffs may plead in the alternative to a breach of express**
     **warranty, especially where the pleading is accompanied by**
7    **allegations of fraud.**

8        BMW's argument—that Plaintiffs may not simultaneously plead unjust

9    enrichment and breach of contract—misconstrues the doctrine of pleading in the

10   alternative. As Seventh Circuit Judge Rovner explains, the doctrine of pleading in the

11   alternative permits a party to "plead breach of contract, or if the court finds no contract

12   was formed, to plead for quasi-contractual relief in the alternative." *Cromeens,*

13   *Holloman, Siber, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003). Thus, even in

14   the face of state substantive law prohibiting dual *recovery*, only after a "valid contract

15   is found to exist," for example, at the summary judgment stage, is "quasicontractual

16   relief . . . no longer available." *Id.*

17       Thus, while true that under the substantive law of most states—including

18   Illinois whose substantive law the *Cromeens* court was interpreting—once an express

19   contract is established, Plaintiffs may not also recover under a quasi-contract theory,

20   here an express contract has merely been alleged, not established. In arguing

21   otherwise, BMW misconstrues the doctrine of alternative pleading. *Id.*; *see also Terry*

22   *Barr Sales Agency v. All-Lock Co.*, 96 F.3d 174, 182 (6th Cir. 1996) (plaintiffs also

23   may bring a breach of contract claim and an unjust enrichment claim in cases where

24   the defendant has "kept its options open, and may deny the existence of a contract");

25   *Moore v. Climate Corp.*, 2016 U.S. Dist. LEXIS 116848, at *22-23 (D. Kan. Aug. 30,

26   2016) ("[P]laintiffs may plead an unjust enrichment claim as an alternative to their

27   breach of contract claim."); *Usov v. Lazar*, 2013 U.S. Dist. LEXIS 89257, at *16

28   (S.D.N.Y. June 18, 2013) ("[W]hile a party generally may not simultaneously recover

- 5 -

upon a breach of contract and unjust enrichment claim arising from the same facts, it is still permissible to plead such claims as alternative theories.") (citation omitted); *King v. Hertz Corp.*, 2011 U.S. Dist. LEXIS 35610, at *24 (N.D. Ohio Mar. 31, 2011) ("Plaintiff may plead both a breach of contract and unjust enrichment claim as alternative forms of relief."); *Myers v. MedQuist, Inc.*, 2006 U.S. Dist. LEXIS 91904, at *28 (D.N.J. Dec. 20, 2006) ("MedQuist is incorrect that, at the motion to dismiss stage, a plaintiff cannot maintain a claim for unjust enrichment while at the same time pleading that a valid contract existed between a plaintiff and defendant. To the contrary, Rule 8(e)(2) . . . specifically allows a plaintiff to plead in the alternative and allege parallel theories of recovery."); *Donnelly v. Circuit City Stores, Inc.*, 2007 U.S. Dist. LEXIS 20571, at *10 (M.D. Fla. Mar. 22, 2007) ("[I]t is well-settled in this Circuit that breach of contract and unjust enrichment may be pled in the alternative.").

BMW has not admitted any of Plaintiffs' allegations, nor has the Court granted summary judgment in favor of Plaintiffs on the validity or existence of a contract. Therefore, under the correct application of the doctrine of pleading in the alternative, Plaintiffs are permitted to so plead here. *See Moore*, 2016 U.S. Dist. LEXIS 116848, at *22 ("[T]he parties here have not stipulated to the existence of an enforceable contract between plaintiffs and each defendant. So plaintiffs may plead an unjust enrichment claim as an alternative to their breach of contract claim.").

Furthermore, courts explicitly recognize that an unjust enrichment claim may be pled in the alternative where there are also allegations of fraud. *See, e.g.*, *Sherwin-Williams Co. v. JB Collision Servs.*, 2014 U.S. Dist. LEXIS 145950, at *28 (S.D. Cal. Oct. 9, 2014). Under the application of Fed. R. Civ. P. 8 to Ohio substantive law, for example, the federal district court for the Northern District of Ohio held that "[a] claim for unjust enrichment may be pled in the alternative when the existence of an express contract is in dispute and may be maintained despite the existence of an express contract where there is evidence of fraud, bad faith, or illegality." *Cheers Sports Bar & Grill v. DIRECTV, Inc.*, 563 F. Supp. 2d 812, 819 (N.D. Ohio 2008). *Cheers* stands

- 6 -

for the proposition that, whether or not the existence of an express contract is up for debate, an unjust enrichment claim may be pled in the alternative where there are also allegations of fraud. *Sherwin-Williams Co.*, 2014 U.S. Dist. LEXIS 145950 at *28. This exact method of pleading is permitted because the court may ultimately determine that the express warranty is not a valid contract due to lack of mutual assent, lack of consideration, illegality, etc.

Permitting unjust enrichment claims to proceed beyond the pleadings stage is therefore appropriate—even in the face of BMW's contrary authority from state courts (because Fed. R. Civ. P. 8 governs) and the federal district courts of other circuits (because the Ninth Circuit has ruled on this issue). Given the Ninth Circuit's explicit admonition that plaintiffs be permitted under Rule 8 to plead unjust enrichment claims in the alternative even when "duplicative of or superfluous to" other claims, *Astiana*, 783 F.3d at 762, BMW's motion should be denied.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny BMW's motion in its entirety, and that Plaintiffs be given leave to amend as needed to save each claim.

DATED: April 10, 2017                 HAGENS BERMAN SOBOL SHAPIRO LLP

By:  */s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
Thomas E. Loeser (SBN 202724)
Jessica Thompson (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: toml@hbsslaw.com
Email: jessicat@hbsslaw.com

010616-11  950192 V1

Elaine T. Byszewski (SBN 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: elaine@hbsslaw.com

*Interim Lead Counsel for Plaintiffs and the
Proposed Class*

Benjamin F. Johns (*pro hac vice*)
Andrew W. Ferich (*pro hac vice*)
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
Email: bfj@chimicles.com
Email: awf@chimicles.com

*Plaintiffs' Executive Committee*

Jonathan A Michaels
MLG AUTOMOTIVE LAW APLC
2801 West Coast Highway, Suite 370
Newport, CA 92663
Telephone: (949) 527-6900
Facsimile: (949) 581-6908
Email: jmichaels@mlgautomotivelaw.com

*Plaintiffs' Executive Committee*

Hovanes Margarian (SBN 246359)
THE MARGARIAN LAW FIRM
801 N. Brand Blvd., Suite 210
Glendale, CA 91203
Telephone: (818) 553-1000
Email: hovanes@margarianlaw.com

*Counsel for Plaintiff Hakop Demirchyan*

PLAINTIFFS' OPPOSITION TO BMW OF NORTH AMERICA, LLC'S MOTION TO DISMISS

010616-11  950192 V1