# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| BARRY BRAVERMAN, et al., | SACV 16-00966 TJH (SSx) |
| Plaintiffs, | |
| v. | Order |
| BMW OF NORTH AMERICA, LLC, et al., | |
| Defendants. | |

The Court has considered Plaintiffs' motion for class certification [dkt # 124] and Defendants' motions to exclude the opinions of Plaintiffs' proposed experts, Steven P. Gaskin and Colin Weir [dkt ## 153 and 154], together with the moving and opposing papers.

Plaintiffs filed this putative class action alleging that model years 2014 to 2016 of the BMW i3 REx electric car equipped with the "Range Extender" option ["Class Car"] contains a design defect which, *inter alia*, causes the Class Car to suddenly decelerate when its battery's charge drops to a certain level, and that Defendants hid that defect from consumers. Plaintiff alleged breach of implied warranty, breach of express warranty, consumer protection, and fraudulent concealment claims under California, Colorado, Florida, Georgia, Illinois, Michigan, Ohio, Tennessee, Texas,

Utah, Washington, and federal law.

Plaintiffs, now, move for class certification on their breach of implied warranty, consumer protection, and fraudulent concealment claims only for Class Cars leased or purchased in California, Florida, Illinois, Michigan, Ohio, Tennessee, Texas, Utah, and Washington. The motion to certify excluded putative class members who leased or purchased Class Cars in Colorado or Georgia because, according to Plaintiffs, the relevant Colorado and Georgia laws are not substantially similar to the corresponding California laws.

Regardless of which state the Class Cars were leased or purchased, Plaintiffs seek to uniformly apply to all putative class members: (1) California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, *et seq*. ["Song-Beverly"], to their breach of warranty claim, along with a derivative federal implied warranty claim under the Magnuson-Moss Warranty Federal Trade Commission Improvement Act, 15 U.S.C. §§ 2301, *et seq*. ["Magnuson-Moss]; (2) California's Consumers Legal Remedies Act, Cal. Bus. & Prof. Code §§ 1750, *et seq.*, California's False Advertising statute, Cal. Bus & Prof. Code § 17500, and California's Unlawful Business Practices statutes, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, to their consumer protection claims; and (3) California's fraudulent concealment common law.

**Exclusion of Experts**

In support of class certification, Plaintiffs relied on the reports of proposed experts Steve Gaskin and Colin Weir to establish the existence of common methods of establishing and calculating each putative class member's economic injury and economic loss. Defendants, now, move to exclude those expert reports, arguing that they were based on, *inter alia*, unfounded and incorrect assumptions that were favorable only to Plaintiffs, and that their proffered opinions are unreliable. However, those arguments go only to the weight of the experts' opinions, and not to the admissibility of the reports. *See Sali v. Corona Regional Medical Center*, 909 F.3d

996, 1006-1007 (9th Cir. 2018). Accordingly, the experts' reports will not be excluded.

**Choice of Law**

Despite alleging claims based on the laws of multiple states, Plaintiffs seek to certify and resolve their breach of implied warranty, consumer protection, and fraudulent concealment state law claims using only California substantive law. The following chart identifies the various states' laws alleged in the complaint:

|  | Breach of Implied Warranty | Consumer Protection Laws | Fraudulent Concealment |
|---|---|---|---|
| California Law | X | X | X |
| Florida Law | X | X |  |
| Illinois Law |  | X |  |
| Michigan Law | X | X | X |
| Ohio Law |  | X | X |
| Tennessee Law |  | X | X |
| Texas Law | X | X | X |
| Utah Law | X | X | X |
| Washington Law |  | X | X |
| Federal Law | X |  |  |

In a recent case, the Ninth Circuit placed the burden on defendants in nationwide class actions to refute that the substantive law of the state where the District Court sits should not be applied to all class members. *See In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 563 (9th Cir. 2019). However, because Plaintiffs bear the overall burden to establish that class certification is proper, they must first establish, at a minimum, a *prima facie* case that the other states' substantive laws are substantially similar to the laws of California before the burden can shift to the Defendants. *See In re Hyundai*, 926 F.3d at 563.

Rather than engage in any sort of meaningful analysis as to the similarities of the

various other states' laws to California's laws, Plaintiffs, here, merely listed – in footnotes, no less – the citations of each states' respective statutes. In all, there are more than 20 statutes that must be analyzed to determine substantial similarity. Judges should not be treated like pigs hunting for truffles buried in briefs; it is not the Court's burden to sniff out a *prima facie* showing as to the substantial similarity of more than 20 state statutes on Plaintiffs' behalf. *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997). Plaintiffs, simply, failed to establish a *prima facie* case that the other states' laws are substantially similar to California's laws. *See In re Hyundai*, 926 F.3d at 563.

Consequently, the Court cannot declare that California law should be applied to all putative class members and all Class Cars.

Moreover, the choice of law issue is just the tip of the iceberg as to the instant motion's shortcomings.

**Class Certification**

To certify a putative class, Plaintiffs bear the burden of establishing that this case and the proposed subclasses satisfy all four threshold requirements of Fed. R. Civ. P. 23(a): (1) Numerosity of proposed class members; (2) Commonality of issues of fact and law; (3) Typicality of the named representatives' claims; and (4) Adequacy of the named representatives and class counsel to fairly and adequately pursue the action. *See Sueoka v. United States*, 101 F. App'x. 649, 652 (9th Cir. 2004). Plaintiffs, also, bear the burden of establishing at least one of the requirements of Fed. R. Civ. P. 23(b). Here, Plaintiffs seek to certify this case as a Fed. R. Civ. P. 23(b)(3) class action – that common questions of law or fact predominate over individualized issues, thereby, making class adjudication the superior method of adjudicating this controversy.

Plaintiffs' Rule 23 analysis was based on the premise that the Court would apply California law to all of their state law claims, regardless of where the Class Cars were leased or purchased. Thus, they did not engage in any analysis as to whether Rule 23

would be satisfied for their state law claims if those claims proceeded under Florida, Illinois, Michigan, Ohio, Tennessee, Texas, Utah, and Washington law. Accordingly, the Court cannot certify any claims raised under those states' laws. *See Sueoka*, 101 F. App'x. at 652.

With regard to Plaintiffs' consumer protection and fraudulent concealment claims for Class Cars leased or purchased in California and based on California law, further issues arise. As an initial matter, Plaintiffs' lumped both categories of claims together and argued that one underlying theory justifies their certification. Plaintiffs' underlying theory is that Defendants omitted material information regarding the alleged defect. Plaintiffs argued that common questions predominate, for both categories of claims, because Defendants – through their authorized dealerships – uniformly failed to disclose the alleged defect. Consequently, Plaintiffs want the Court to infer class-wide reliance on those alleged omissions. Plaintiffs rely on *In re Hyundai* to support their logic, but that case is inapposite, here.

In *In re Hyundai*, the Ninth Circuit concluded that common questions of law or fact predominated over individualized issues because the putative class members were exposed to fuel efficiency misrepresentations "uniformly made via Monroney stickers and nationwide advertising." *See In re Hyundai*, 926 F.3d at 599. *In re Hyundai* dealt with an alleged uniform misrepresentation while Plaintiffs', here, base their claims on an alleged material omission not disclosed by authorized dealerships before each putative class member leased or purchased their Class Car. However, Plaintiffs' own evidence indicates that, at least, some putative class members knew of the alleged limitations of the Range Extender before they leased or purchased their Class Car. That knowledge could have been acquired from various sources, including authorized dealers, magazine articles, online sources, and/or from having previously leased an i3. Thus, a determination would need to be made as to each putative class member's knowledge regarding the Range Extender, the source of that knowledge, and when that knowledge was obtained as part of a determination as to whether the alleged omission

was material to each class member's decision to lease or purchase their Class Car. Consequently, individual issues would predominate over common issues of law and fact as to the consumer protection and fraudulent concealment claims. *See Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 545 (9th Cir. 2013).

So, now, potential class certification is limited to just the remaining two putative class claims: (1) Breach of the implied warranty of merchantability, under Song-Beverly, for Class Cars acquired in California; and (2) A derivative Magnuson-Moss claim for Class Cars acquired in California. As to those two claims, the Rule 23(a) requirements of numerosity, commonality, typicality and adequacy of representation are satisfied.

However, Plaintiffs did not seek certification of just those two claims and limited to Class Cars acquired only in California. If the Court were to certify only those two claims for California-acquired Class Cars, the scope of Plaintiffs' case would be drastically changed. The Court will leave it to Plaintiffs to decide whether to reduce the scope of their case.

Accordingly,

**It is Ordered** that the motions to exclude the opinions of the proposed experts [dkt ## 153 and 154] be, and hereby are, **Denied**.

**It is further Ordered** that the motion to certify the proposed class be, and hereby is, **Denied**.

Date: May 19, 2020

Terry J. Hatter, Jr.
Senior United States District Judge