# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| BARRY BRAVERMAN, *et al.*, | SA CV 16-00966 TJH (PJWx) |
| Plaintiffs, | |
| v. | **Order** |
| BMW OF NORTH AMERICA, LLC, | **and** |
| Defendant. | **Judgment** |
| | JS-6 |

    The Court has considered the cross motions for summary judgment, and Plaintiffs' motion for an order approving the form and manner of the Class Notice, together with the moving and opposing papers.

    On May 26, 2016, Plaintiffs filed this putative class action against Defendant BMW of North America, LLC's ["BMW"] alleging that its model years 2014 to 2016 i3 Rex electric car equipped with the "Range Extender" option ["Class Car"] contains a design defect which, *inter alia*, causes the Class Car to suddenly decelerate when its battery's charge drops to a certain level, and that BMW hid that defect from consumers. Plaintiffs alleged 40 claims related to breach of implied warranty, breach of express warranty, consumer protection, and fraudulent concealment under various

federal, California, Colorado, Florida, Georgia, Illinois, Michigan, Ohio, Tennessee, Texas, Utah, and Washington laws. In July, 2018, the parties stipulated to dismiss Plaintiffs' Colorado and Georgia claims.

On March 29, 2019, Plaintiffs moved for class certification on their breach of implied warranty, consumer protection, and fraudulent concealment claims for Class Cars leased or purchased in California, Florida, Illinois, Michigan, Tennessee, Texas, Utah, and Washington. Plaintiffs sought to uniformly apply California law to all putative class members, arguing that the common law and statutes of those states were substantially similar to the following California laws: (1) Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, *et seq.* ["Song-Beverly"]; (2) Consumers Legal Remedies Act, Cal. Bus. & Prof. Code §§ 1750, *et seq.*; (3) False Advertising statute, Cal. Bus. & Prof. Code § 17500; (4) Unlawful Business Practices statutes, Cal. Bus. & Prof. Code §§ 17200, *et seq*; and (5) common law fraud. Plaintiffs, also, sought certification on their derivative federal implied warranty claim under the Magnuson-Moss Warranty Federal Trade Commission Improvement Act, 15 U.S.C. §§ 2301, *et seq.* ["Magnuson-Moss"].

On May 19, 2020, the Court denied the motion for class certification because, *inter alia*: (1) Plaintiffs failed to establish that California law could be uniformly applied to all putative class members and all Class Cars because Plaintiffs failed to meaningfully analyze whether the statutes of the other states are substantially similar to California's statutes; and (2) Plaintiffs failed to meaningfully analyze whether the class should be certified under any other state's laws. Nevertheless, the Court held that certification was proper for Plaintiffs' Song-Beverly and Magnuson-Moss claims for Class Cars acquired in California. However, the Court recognized that if it "were to certify only [Plaintiffs' Song-Beverly and Magnuson-Moss claims] for California-acquired Class Cars, the scope of Plaintiffs' case would be drastically changed" and, therefore, left it to Plaintiffs to decide whether to reduce the scope of their case.

On July 6, 2020, Plaintiffs Barry Braverman, Hakop Demirchyan, Joel Green,

Dr. Glynda Robertson, Edo Tsoar, and Peter Weinstein, who purchased their respective Class Cars in California, moved for class certification only as to their Song-Beverly and Magnuson-Moss claims. However, intervening Ninth Circuit precedent held that a Magnuson-Moss class claim may not be certified with fewer than 100 putative class members. Because Plaintiffs, here, sought to certify a class of fewer than 100 putative class members, they withdrew their request to certify their Magnuson-Moss claim. Consequently, on September 30, 2020, the Court granted the motion to certify only as to the Song-Beverly claim.

Consequently, the only certified class claim, here, is Plaintiffs' claim under Song-Beverly. In addition, Plaintiffs' individual claims based on California, Florida, Georgia, Illinois, Michigan, Ohio, Tennessee, Texas, Utah, Washington, and federal law remain pending.

BMW, now, moves for summary judgment as to all of Plaintiffs' claims, while Plaintiffs, now, move for partial summary judgment as to two of BMW's affirmative defenses. The Court will first consider whether Plaintiffs' claims survive BMW's motion for summary judgment before it considers whether BMW's affirmative defenses are viable.

When considering a motion for summary judgment on a claim where the nonmoving party has the burden of proof at trial, the motion will be granted if the nonmoving party fails to produce evidence to establish a *prima facie* case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986). The moving party, however, has the initial burden to show that the nonmoving party does not have enough evidence to establish a *prima facie* case. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). If the moving party's burden is met, then the burden shifts to the nonmoving party to establish, with admissible evidence, a *prima facie* case. *See Celotex*, 477 U.S. at 322. BMW has satisfied its initial burden and, therefore, the burden shifts to Plaintiffs to establish a *prima facie* case for each of their claims.

At this juncture, the Court cannot weigh evidence or make credibility

determinations. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Further, the Court must accept the nonmoving party's facts as true and draw all reasonable inferences in that party's favor. *Liberty Lobby*, 477 U.S. at 255.

As the Court noted, above, the overarching theory as to all of Plaintiffs' claims is that the Class Car contains a design defect and that BMW omitted, or otherwise concealed, the defect from consumers in an effort to sell or lease the Class Car for more money than it is actually worth. Accordingly, the threshold issue as to all of Plaintiffs' claims is whether the Class Car contained a design defect. *See Kramer v. Toyota Motor Corp.*, 668 F. App'x. 765, 766 (9th Cir. 2016).

In support of their contention that the Class Car contained a design defect, Plaintiffs relied on, *inter alia*, the opinion of their engineering expert, Patrick Donahue, and their own declarations that they experienced the sudden deceleration. However, Plaintiffs' proffered evidence falls short of proving that the Class Car contained a design defect.

Donahue did not opine that the Class Car's design was defective. Rather, he opined only that the Class Car was designed to function as Plaintiffs' alleged – that at a certain battery charge level and in certain driving conditions, the Class Car would decelerate. Donahue did not opine that such a design was defective and, indeed, stated that he was not opining as to whether the design was defective. In response to BMW's argument that Donahue failed to offer a design defect opinion, Plaintiffs pointed the Court to excerpts of Donahue's deposition transcript, wherein Donahue testified that the deceleration he experienced "was quite significant when [he] drove" an exemplar Class Car, and that there are "certain situations where this performance could present some safety problems."

However, the deposition transcript excerpts were not properly authenticated because the court reporter's certification is missing. *See Orr v. Bank of Am., NT & SA*, 285 F. 3d 764, 774 (9th Cir. 2002). Plaintiffs' attorney's declaration that the proffered excerpts are a true and correct copy of portions of Donahue's deposition

transcript is insufficient. *See Kucuk v. Central Washington University*, 778 F. App'x. 525, 526 (9th Cir. 2019). Plaintiffs, also, failed to satisfy their alternative burden of demonstrating that this evidence could be presented in an admissible form at trial. *See* Fed. R. Civ. P. 56 advisory comm. Note to 2010 amendment. Consequently, the Court need not consider Donahue's unauthenticated deposition transcript excerpts. *See Sweet People Apparel, Inc. v. Phoenix Fibers, Inc.*, 748 F. App'x. 123, 124 (9th Cir. 2019). Nevertheless, even if, *arguendo*, the Court were to consider those excerpts, Donahue testified only that the Class Car functioned the way that it was designed – he did not testify that the design was defective.

Plaintiffs, also, argued that an expert's opinion that the design is defective is not required to establish a *prima facie* case, and that they had sufficiently carried their burden of proving the alleged design defect based on, *inter alia*, their own personal experiences. The Court disagrees. Whether a car is defectively designed is "beyond the common knowledge of the average layman." *See generally, Torres v. Taser Intern., Inc.*, 277 F. App'x. 684, *2 (9th Cir. 2008). Even if, *arguendo*, expert testimony were not required to prove a design defect, the other evidence Plaintiffs proffered prove only that the Class Cars operate as Plaintiffs alleged – again, falling short of establishing that the design was defective.

Because Plaintiffs failed to establish a *prima facie* case that the Class Car contained a design defect, they, also, failed to establish a *prima facie* case for any of their claims. *See Kramer*, 668 F. App'x. at 766.

Consequently, Plaintiffs' motion for partial summary judgment challenging the sufficiency of BMW's affirmative defenses is moot.

Accordingly,

𝐈𝐭 𝐢𝐬 𝐎𝐫𝐝𝐞𝐫𝐞𝐝 that BMW's motion for summary judgment be, and hereby is, 𝐆𝐫𝐚𝐧𝐭𝐞𝐝.

It is further Ordered that Plaintiffs' motion for partial summary judgment be, and hereby is, Denied as moot.

It is further Ordered that Plaintiffs' motion for an order approving the form and manner of the Class Notice be, and hereby is, Denied as moot.

It is further Ordered, Adjudged, and Decreed that judgment be, and hereby is, Entered in favor of Defendant BMW of North America, LLC, and against Plaintiffs Dean Rollolazo, Glynda Roberson, Brandon Redmond, Adeel Siddiqui, Dimitar Aatanasov, Robert Desatnik, Edo Tsoar, Joel Green, John Lingsweiler, Eric Wonderly, Charles Olsen, Lawrence Curcio, Barry Braverman, Peter Weinstein, Steve Ridges, and Hakop Demirchyan.

It is further Ordered, Adjudged, and Decreed that Plaintiffs shall take nothing as to Plaintiffs' individual claims as well as to the sole certified class claim.

Date: March 17, 2021

*[signature: Terry J. Hatter, Jr.]*
Terry J. Hatter, Jr.
Senior United States District Judge